STATE of Missouri, ex rel. Carl D. KINSKY, Prosecuting Attorney for the County of Ste. Genevieve, Relators,

v.

Honorable Raymond M. WEBER, Associate Division, Circuit Court of the County of Ste. Genevieve, Respondent.

No. ED 79802.

Missouri Court of Appeals,
Eastern District,
Writ Division One.

Sept. 4, 2001.

Francis Toohey, Jr., Perryville, MO, for Defendant.

Carl D. Kinsky, Pros. Atty., Ste. Genevieve, MO, for Relator.

CRAHAN, Presiding Judge.

Relator Carl D. Kinsky, prosecuting attorney for Ste. Genevieve County ("Relator") seeks our writ of mandamus directing Respondent to accept jurisdiction over the complaint Relator filed against a sixteen-year-old driver for driving with excessive blood alcohol content in violation of section 577.012 RSMo 2000.[1] As permitted by Rule 84.24(e), we dispense with further briefing and argument and issue our peremptory writ of mandamus directing Respondent to accept jurisdiction.

Section 211.031(3) provides that the juvenile court, or the family court in circuits that have a family court, shall have exclusive jurisdiction in proceedings:

(3) Involving any child who is alleged to have violated a state law or municipal ordinance, or any person who is alleged to have violated a state law or ordinance prior to attaining the age of seventeen years, in which cases jurisdiction may be taken by the court of the circuit in which the

child or person resides or may be found or in which the violation is alleged to have occurred; *except that the juvenile court shall not have jurisdiction over any child fifteen and one-half years of age who is alleged to have violated a state or municipal traffic ordinance or regulation, the violation of which does not constitute a felony.* (emphasis added).

On June 1, 2001, Relator signed a complaint and summons charging Shane Naeger with driving with excessive blood alcohol content in violation of section 577.012. Shane Naeger was sixteen years old at the time of the offense. The offense charged is a class C misdemeanor. On June 22, 2001, Relator filed a motion for determination of jurisdiction. Respondent made a written finding that:

... the offense charged herein of driving while intoxicated[sic][2] is not a violation of a state traffic ordinance or regulation under section 211.031 RSMo and therefore the juvenile court has exclusive jurisdiction.

We disagree. Although the offense charged appears in the chapter on public safety offenses and not in the chapters relating to traffic offenses, it has been specifically defined by the legislature as an "intoxication-related traffic offense." Section 577.023.1(1); Section 595.010.2. It has also been consistently so regarded in opinions construing section 211.031(3) issued by the Attorney General. See opinion Nos. 181–80, 12–86, 53–88, 164–92. Accordingly, we hold that the complaint filed by Relator does not fall within the exclusive jurisdiction of the juvenile or family

---

1. All statutory references are to RSMo 2000 unless otherwise indicated.

2. Driving while intoxicated is a violation of section 577.010. The offense reflected on the complaint is driving with excessive blood alcohol content in violation of section 577.012. However, the distinction is immaterial to our decision.

court and issue our peremptory writ of mandamus directing Respondent to accept jurisdiction.

RICHARD B. TEITELMAN and KATHIANNE KNAUP CRANE, JJ., concur.